UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **STRIKE PCH, LLC, on behalf of itself and derivatively on behalf of Sokaor Capital, LLC,**<br><br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**ISAAC STERN and SOKAOR CAPITAL, LLC,**<br><br>　　　　**Defendants.** | Docket No.: 18-00789<br><br>**OPINION** |

# WILLIAM J. MARTINI, U.S.D.J.:

　　Plaintiff Strike PCH ("Strike"), on behalf of itself and derivatively on behalf of Sokaor PCH, LLC ("Sokaor"), seeks a preliminary injunction against Isaac Stern and Sokaor pursuant to Federal Rule of Civil Procedure 65(b). Because there is no "reasonable probability" that the action satisfies complete diversity, and because there appears to be no alternative source of subject matter jurisdiction, the motion is **DENIED** and the action is **DISMISSED** with prejudice.

　　A preliminary injunction will not issue unless the Court is "satisfied that there is a reasonable probability of ultimate success on the issue of subject matter jurisdiction." *Chambers v. Klein*, 419 F. Supp. 569, 576 (D.N.J. 1976), *aff'd*, 564 F.2d 89 (3d Cir. 1977). Defendants argue that the action fails to satisfy the complete diversity requirement of 28 U.S.C. 1332 because there are opposing parties that share citizenship. The Court agrees.

　　To begin with, this action is appropriately stylized as a derivative action. Derivative actions are traditionally brought by non-controlling shareholders on behalf of an incorporated entity against management or another third party. *HB Gen. Corp. v. Manchester Partners, L.P.*, 95 F.3d 1185, 1194 (3d Cir. 1996). The same principle enables non-controlling members of an unincorporated entity to enjoin controlling members. *See id.* Indeed, Sokaor, "like any partnership in a derivative suit, is a necessary party." *U.S. Cellular Inv. Co. of Oklahoma City v. Sw. Bell Mobile Sys., Inc.*, 124 F.3d 180, 182 (10th Cir. 1997) (citing *HB Gen. Corp.*, 95 F.3d at 1194).

1

An unincorporated entity is a citizen of all states where its members are citizens, not the state where the entity is organized. *Lincoln Ben. Life Co. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). Strike, on that basis, is a citizen of New York, Texas, and Virginia. Sokaor is a citizen of New Jersey (where Stern resides) and New York, Texas, and Virginia, (where Strike resides). *See Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (citations omitted) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine [its] citizenship."). As a plaintiff, Sokaor shares New Jersey citizenship with Defendant Stern. And if it were treated as a defendant, Sokaor would be a citizen of New York, Texas, and Virginia—like Plaintiff Strike. The action therefore fails to satisfy complete diversity, and must be dismissed with prejudice.

For the foregoing reasons, Strike's motion for a preliminary injunction is **DENIED** and the action is **DISMISSED**.

      /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**February 26, 2018**